JOURNAL ENTRY and OPINION
Defendant-appellant herein, Raymond C. Buschow, Jr., appeals from the trial court's grant of a motion for modification of child support and a motion to show cause which were filed by his ex-wife, the plaintiff-appellee herein, Della A. Buschow.
The parties' divorce decree was journalized by the Cuyahoga County Domestic Relations Court on May 3, 1990. The motions, which are the subject of the within appeal, were filed on November 10, 1997. On September 25, 1998, after the matter was continued a number of times at the request of the appellant, an evidentiary hearing was held before a magistrate on the above referenced motions, as well as on a motion for attorney fees which had also been filed by the appellee. On December 10, 1998, the magistrate filed her "Decision with Findings of Fact and Conclusions of Law." On January 8, 1999, the following trial court entry was journalized:
 The court adopts the Magistrate's Decision filed December 10, 1998 in its entirety. * * * No timely objections were filed thereto and therefore the parties are found to have waived their right to any further hearing thereon. Plaintiff's Motion for a Modification of Support * * * is hereby granted. The plaintiff's Motion to Show Cause * * * is hereby granted. The plaintiff's Motion for Attorney Fees * * * is hereby denied.
The docket does, in fact, reflect that no objections were filed by the appellant to the magistrate's decision within the fourteen day period provided by Civ.R. 53(E)(3).
The appellant has now appealed from the ruling of the trial court and presents for this court's review the following two assignments of error which are interrelated and have a common basis in law and fact.
 1. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE APPELLANT IN CONTEMPT OF COURT.
 2. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO MAKE A DE NOVO (SIC) REVIEW OF THE MAGISTRATE'S DECISION.
Although he admits to having paid virtually no child support for a period of seven years, the appellant argues in the brief submitted to this court that the trial court should have excused his near total non-compliance with the court's support order on the following basis:
 The parties entered into an agreement whereby the Appellant would not pay child support through the enforcement in exchange for his consent for Appellee and the parties (sic) minor children to reside in the former marital home without compensation, and without Appellant requesting that the home be sold as required by order of court.
This contention is directly contradicted by the appellant's own testimony at the September 25, 1998 hearing held before the magistrate. When asked about the existence of such an agreement whereby the appellee would forego her right to receive child support from the appellant, the appellant answered:
 She wouldn't agree to it. * * * She is pretty blunt. She would just tell me, "You lost all your rights to this house," and hang up. I would get hung up on ten times. You say the heck with it.
Thus, appellant's counsel misrepresents the record when he asserts that there was an agreement between the parties which would have permitted the appellant to ignore his court ordered obligation to pay child support on the behalf of his two daughters.
In any event, the appellant is precluded from appealing the ruling of the magistrate because he failed to timely file objections with the trial court. Civ.R. 53(E)(3)(b) provides that:
 A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Ohio courts, in applying Civ.R. 53(E)(3)(b), have repeatedly held that a party is precluded from appealing any finding of fact or conclusion of law adopted by the trial court from a decision of a magistrate unless the party has objected to the finding or conclusion as provided for in Civ.R. 53(E)(3)(a). Quill v. R.A.Investment Corp. (1997), 124 Ohio App.3d 653, 664; In re Bortmas
(Oct. 15, 1999), Trumbull App. No. 98-T-0147, unreported;Holbrook v. Smith (Sept. 7, 1999), Clermont App. No. CA98-11-111, unreported. Therefore, the appellant is prohibited from appealing any of the findings of fact or conclusions of law contained in the order of the magistrate. This would necessarily include the magistrate's finding that the appellant was in contempt of court for violating the previously issued child support order.
Civ.R. 53(E)(4)(a) permits a trial court to adopt the magistrate's decision if no written objections are filed "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Thus, the appellant's assertion that the trial court should have applied a de novo standard of review is erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: Affirmed.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
 ROCCO, P.J., and PORTER, J., CONCUR.